## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| PAUL FREEMAN, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:25-CV-235-TLS-AZ |
| BRIAN MILLER, | |
| Defendant. | |

### OPINION AND ORDER

Paul Freeman, an inmate without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Under 28 U.S.C. § 1915A, the Court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Freeman is proceeding without counsel, the Court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Freeman is a pretrial detainee at the DeKalb County Jail. He claims that on May 1, 2025, he was "intimidated" by a guard, Corporal Brian Miller, who accused him of wearing another inmate's shirt. Freeman claims Corporal Miller was rude to him during their interaction and demanded to see his receipt for the shirt. Freeman went and got the receipt and showed it to Corporal Miller, who examined it and then said "hmph" and walked away.

A few days later, Freeman began having problems with another inmate who allegedly threatened him. He made a request for protection through the jail's kiosk system. No one came to speak with him that day; he became worried and contacted his sister to let her know he thought he was in danger. Right after he contacted his sister, Corporal Miller came to his cell door and told him he would be moving cells. He was then taken to a "discipline unit" that is on lockdown most of the day. He claims he is accused of "attempting, threatening or committing battery . . . against another person" in violation of the jail's disciplinary code. He does not provide details, but it appears the inmate he had problems with was the cause of the disciplinary charge. As of the filing of the complaint on May 13, he was still in the disciplinary unit awaiting a hearing on the charge. As a result of these events, he claims to have experienced "mental anguish" and seeks monetary damages from Corporal Miller.

"[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (cleaned up). "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* (cleaned up). To prevail, a detainee must provide "objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Id.* (citation omitted). In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020) (citation omitted).

Regarding Freeman's interaction with Corporal Miller on May 1, at most he claims the officer was brusque with him. *See Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019) ("Relationships between prisoners and prison staff are not always marked by genteel language and good manners."). The Court cannot plausibly infer that Corporal Miller violated Freeman's federal due process rights by asking to see a receipt, examining it, and then leaving. Nor does Freeman allege that he suffered any physical injury as a result of this incident. The fact that he found the situation uncomfortable is not enough to state a claim. 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"); *Bolden v. Mezo*, No. 22-1571, 2023 WL 4488861, at *2 (7th Cir. July 12, 2023) ("An injury is necessary for a constitutional tort under § 1983." (citation omitted)).

Regarding his transfer to the disciplinary unit, "[a] pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). "Yet no process is due when a detainee is placed in segregation for nonpunitive reasons such as institutional safety or security." *Halligan v. Oldham*, No. 24-1481, 2025 WL 1289343, at *2 (7th Cir. May 5, 2025) (citation omitted).

It is difficult to discern from the complaint exactly why Freeman was moved. Although he states that he has been charged with a disciplinary infraction, he also expressed concerns for his safety and asked for protection from another inmate. Shortly thereafter, he was moved to a segregation unit where he is in his cell most of the day and is closely monitored by staff. Moving him to this unit may have been a reasonable step to protect him from harm. Nevertheless, the Court must afford Freeman all favorable inferences at this stage, and his complaint can be read to

allege that he was placed in disciplinary segregation for a conduct violation without notice and an opportunity to be heard. He will be permitted to proceed further on this claim.[1]

At the conclusion of his complaint, Freeman makes the following statement: "DeKalb County Jail violates 1st 6th 8th and 14th Amendments." (ECF 1 at 4.) The Eighth Amendment applies to convicted prisoners, not pretrial detainees. *See Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). Likewise, he does not allege that he engaged in protected First Amendment activity, such as filing a grievance or lawsuit, that might support a First Amendment retaliation claim. *See Holleman v. Zatecky*, 951 F.3d 873, 878 (7th Cir. 2020); *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). The Sixth Amendment guarantees criminal defendants the right to counsel, a public trial, and other procedural protections. *See* U.S. Const. amend VI. Freeman does not include factual content to plausibly suggest that Corporal Miller violated his Sixth Amendment rights at the jail. He will not be permitted to proceed on these claims.

For these reasons, the Court:

(1) GRANTS the plaintiff leave to proceed against Corporal Brian Miller in his individual capacity for monetary damages for transferring him to segregation without due process protections in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Corporal Brian

---

[1] It is also unclear whether Corporal Miller (the only defendant named in the lawsuit) was the individual who decided that Freeman should be transferred or whether the officer was simply carrying out an order. In light of the inferences that must be drawn in favor of Freeman at this stage, he will be permitted to proceed further against Corporal Miller. The Court notes that the usual remedy for a due process violation is nominal damages. *See Calhoun v. DeTella*, 319 F.3d 936, 941 (7th Cir. 2003); *Saxner v. Benson*, 727 F.2d 669, 672 (7th Cir. 1984).

Miller at the DeKalb County Jail and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the DeKalb County Sheriff to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(5) ORDERS Corporal Brian Miller to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 28, 2025.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT